## CITY OF IRON MOUNTAIN *v.* UDDENBERG.

MUNICIPAL CORPORATIONS—CITY TREASURER — SALARY — COLLEC-
TION FEES.

*The statute governing the organization of the relator pro-
vides that the city treasurer shall receive such annual salary
as the council shall determine by ordinance. The council
passed an ordinance fixing a salary, and providing that it
should be in full compensation for all services rendered the
city by him. The statute imposes the duty upon the city
treasurer to collect all taxes,—State, county, and munici-
pal. *Held,* that the salary included all the compensation
to which the treasurer was entitled, and that the collection
fees belong to the city.

*Certiorari* to Dickinson; Stone, J. Submitted June
4, 1901. Decided June 17, 1901.

*Mandamus* by the city of Iron Mountain to compel
Arthur Uddenberg, treasurer of said city, to account for
certain collection fees. From an order granting the writ,
respondent brings *certiorari.* Affirmed.

The relator is a city of the fourth class, organized under
chapter 88, 1 Comp. Laws. Section 3060 (being section
38 of chapter 7 of the act) provides for the compensation of
city officers, and that the treasurer, among other city
officers, "shall receive such annual salary as the council
shall determine by ordinance." The relator passed an
ordinance in which the salary of the city treasurer was
fixed at $750, and provided that it should be in full com-
pensation for all services rendered the city by him. Sec-
tion 3034 requires the treasurer to make an annual report
to the common council of the receipts and disbursements
of the treasurer during the previous year. The respond-
ent, the city treasurer, did not account for $552.02, being

---

* Head-note by GRANT, J.

collection fees on taxes paid subsequent to January 9, 1901. His contention is that the collection of taxes is not a part of his duty as city treasurer, and that the collection fees belonged to him, and not to the city. The relator filed a petition in the circuit court for the writ of *mandamus* to test the question. The learned circuit judge held that the moneys belong to the city, and granted the writ. The case is before us for review by the writ of *certiorari*.

*H. M. Pelham*, for relator.

*Brown & Trudell*, for respondent.

GRANT, J. (*after stating the facts*). Section 3033, 1 Comp. Laws, provides, among other things, that "the city treasurer shall be the collector of State and county taxes within the city, and all other taxes and assessments levied within the city. He shall perform all such duties in relation to the collection of taxes as the council may prescribe, and as provided by this act." Section 3335 provides that he "shall perform the same duties and have the same powers as township treasurers, except as herein otherwise provided." Section 3310 provides that moneys not received or appropriated for any particular fund shall be credited to the contingent fund. Section 3332, as originally enacted, provided that "all such percentages for fees collected by him [city treasurer] shall be paid into the city treasury to the credit of the contingent fund." This section was amended in 1899 (Act No. 136, Pub. Acts 1899, chap. 31, § 15), and that clause was omitted.

It seems to us entirely clear that it was the purpose of this act to impose upon the treasurer as such the duty of collecting taxes, and not as the independent agent of the State, and to confer upon the municipality the power to fix his compensation for all such services. This duty was imposed upon him as a city officer, with the provision that he should receive for all his services such compensation as the common council might by ordinance allow. The ordinance enacted covers his compensation for all services he

renders as such officer.   The provision that, as collector, he should have the same power as township treasurers, relates solely to the methods provided for collecting the taxes, and does not carry with it the right to retain the fees in addition to his salary.   Township treasurers receive no other compensation than the fees provided by law. The fact that in the amendment of 1899 the closing sentence of section 3332 was omitted is not of itself sufficient to show that the legislature intended to increase the treasurer's compensation beyond that fixed by the council. Without the omitted clause, all such fees would, under section 3310, be credited to the contingent fund.

Judgment affirmed.

The other Justices concurred.